UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

_____

DOUGLAS LONGHINI, Individually,      :
                                     :
             Plaintiff,              :
vs.                                  :
                                     :   Case No. 1:16-cv-6860
32-11 CHANNEL REALTY LLC, a New      :
York Limited Liability Company,      :
                                     :
             Defendant.              :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DOUGLAS LONGHINI, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, 32-11 CHANNEL REALTY LLC, a New York Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New York Executive Section 296(2)(a) Law Against Discrimination and New York Civil Rights Law § 40, and allege:

### JURISDICTION

1.      This court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, as to Plaintiff's Federal claims, and 28 U.S.C. § 1367, for claims brought under New York law.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### COUNT 1

## THE PARTIES AND STANDING

1.     Plaintiff, Douglas Longhini, is an individual residing in Miami, FL, in the County of Miami-Dade.

2.     Defendant's property, Bravo Supermarket, is located at 23-11 Beach Channel Drive, Far Rockaway, NY 11691, in the County of Queens.

3.     Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff Douglas Longhini is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Longhini requires the use of a wheelchair, as he has cerebral palsy and has limited use of his hands.

6.     Mr Longhini regularly goes to Long Island, New York to visit friends and to advocate for disabled rights. The plaintiff has encountered architectural barriers at the subject property and will in future continue to encounter architectural barriers at the Bravo Supermarket, until the barriers are corrected. The barriers to access are described in paragraph 10. These barriers to access at the property endangered his safety, made it difficult accessing the property facilities, and made it difficult to use the restrooms without assistance and prevented him to use many of the facilities in the guest room without assistance.

7.     Defendant owns, leases, leases to, or operates a place of public

accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Bravo Supermarket, and is located at 32-11 Beach Channel Drive, Far Rockaway, NY 11691, in the County of Queens.

8. Douglas Longhini has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Douglas Longhini desires to re visit Bravo Supermarket, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Bravo Supermarket has shown that violations exist. These violations that Douglas Longhini personally observed or encountered

include, but are not limited to:

a. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does to maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

b. The plaintiff could not reach the plastic bags in the produce department as they were mounted too high. Violation: There are self-service areas with elements that a outside of the reach ranges prescribed in Section 4.27.3 of the ADAAG, whose resolution is readily achievable.

**Public Restrooms**

a. There are permanently designated interior spaces without proper signage in violation of Section 4.1.3(16) and 4.30 of the ADAAG, whose resolution is readily achievable.

b. The plaintiff could not access the restroom, as it was located on a level that is accessed by stairs. Violation: The restroom is not on an accessible means of egress, violating Section 4.3.2(3) of the ADAAG, whose resolution is readily achievable.

c. The plaintiff had difficulty using the restroom door without assistance as the door hardware required tight grasping and twisting of the wrist to operate. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG, whose resolution is readily achievable.

d. The plaintiff could not enter the restroom without assistance, as the door width was too narrow. The clear width at doors to the facility is less than the prescribed minimums, in violation of Section 4.13.5 of the ADAAG, whose resolution is readily achievable.

e. The plaintiff could not use the toilet paper due to it not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

f. The plaintiff could not use the lavatory without assistance. Violation: There are lavatories in public restrooms without the required clear floor space provided due to items underneath them, in violation of the requirements in Section 4.19.3 of the ADAAG, whose resolution is readily achievable.

h. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained violating Section 4.19.4 of the ADAAG, whose resolution is readily achievable.

    i.        The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG, whose resolution is readily achievable.

    j.        The plaintiff could not transfer to the toilet, as the grab bars were missing. Violation: Compliant grab bars are not provided in violation of Sections 4.16.4 and Figure 29 of the ADAAG, whose resolution is readily achievable.

    k.        The plaintiff could not use the restroom, as the required clear floor space was not provided. Violation: Compliant clear floor space is not provided in the restroom, violating Section 4.22.3 of the ADAAG, whose resolution is readily achievable.

    l.        The plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory in violation of Section 4.19.5 of the ADAAG, whose resolution is readily achievable.

    m.        The plaintiff could not use the soap bottle without assistance, as it required a tight grasp to operate. Violation: The soap dispensers require a tight grasp and twist to operate in violation of Section 4.27.4 of the ADAAG, whose resolution is readily achievable.

11.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

12.    The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to the benefits of its facilities and services at the Defendant's building and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by

the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily

accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Bravo Supermarket to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

    **WHEREFORE,** Plaintiff respectfully requests:

    A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered

goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

      C.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

      D.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

18.    Plaintiff re alleges all prior obligations as if fully set forth herein.

19.    New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or ***disability*** or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

20.    For the purposes of the foregoing paragraph, "discriminatory practice" includes:

      A.    A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

  B. A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

  C. A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

21. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

22. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish, and other injuries.

23. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

24. Defendant's property is a place of public accommodation as defined in §40.

25. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the defendant shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor." 27.

Plaintiff, Douglas Longhini visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

26.     By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant, has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Mr. Doug Longhini, because of his disability, the full enjoyment of its property.

27.     Plaintiff, Douglas Longhini, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award DOUG LONGHINI statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated:  December 13, 2016                Respectfully submitted,

_____
Asaad K. Siddiqi, Esq. (AS-9150)
MCCUSKER, ANSELMI, ROSEN
& CARVELLI, PC
210 Park Avenue South, Suite 301
Florham Park, NJ 07932
(973) 635-6300
(973) 635-6363 - Fax
asiddiqi@marc.law

*and*

Lawrence A. Fuller, Esq.  (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502

North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
*Lfuller@fullerfuller.com*

Counsel for Plaintiff Douglas Longhini